Reshma Kamath, Cal. Bar No. 333800
P.O. Box 2792,
Yuma, Arizona 85366
Ph.: (650)-257-0719
E.: reshmakamath2021@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJI, MOHANDAS, an individual; and, | Case No.: 2:21-cv-03349-JAK-PD (LASC case no. 20STCV47063) |
| LEKHA SHAJI, an individual, | [Assigned to Honorable Judge John A. Kronstadt] |
| Plaintiffs, | **PLAINTIFFS SHAJI, MOHANDAS, AND LEKHA SHAJI'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS.** |
| vs. | |
| WELLS FARGO BANK, N.A., and DOES 1-50, inclusive, | Date: September 30, 2021 Time: 08:30 A.M., pacific |
| Defendants. | First Amend. Compl.: March 30, 2021 Original Compl. : Dec. 08, 2020 |

**PURSUANT TO LOCAL RULES 11-3, AND 11-6, PLAINTIFFS SHAJI MOHANDAS, AND LEKHA SHAJI SUBMIT THIS OPPOSITION TO MOTION TO DISMISS TO THIS HONORABLE COURT, ALL PARTIES, AND THE ATTORNEY(S) ON RECORD, HEREIN:**

1

# **TABLE OF CONTENTS**

I.    **INTRODUCTION**…………………………………………**pg.07**

II.   **FACTUAL ALLEGATIONS**…………………………...**pg.08**

III.  **LEGAL STANDARD FOR MOTION TO DISMISS** …………**pg.10**

IV.   **ARGUMENT**……………………………………………**pg.12**

A. **DEFENDANT'S MOTION TO DISMISS MUST BE DENIED….pg.12**

1.  DECEPTIVE TACTICS OF DEFENDANT(S) TO GAIN DIVERSITY
    JURISDICTION IN IMPROPERLY INFORMING PLAINTIFFS OF
    PARENT COMPANY DEFENDANT, I.E., WELLS FARGO BANK,
    N.A., INSTEAD OF ORIGINAL DEFENDANT AND PERPETRATOR,
    WELLS FARGO & COMPANY;…………………………….pg.12

2.  FAILURE OF DEFENDANT(S) TO ABIDE UNDER CALIFORNIA
    *CODE, CODE OF CIVIL PROCEDURE* SECTION 2294 (c) WELL-
    PLED IN FIRST AMENDED COMPLAINT;……………………..pg.14

3.  PLAINTIFFS ADEQUATELY PLED ANY AND ALL FACTUAL
    ALLEGATIONS TO SUPPORT ITS CLAIMS IN FIRST, SECOND,
    THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION;..pg.17

4.  NEGLIGENCE *PER SE*, FAC LNS. 125-130, IS SUFFICIENTLY
    JUSTIFIED BASED ON NEGLIGENCE CAUSE OF ACTION IN
    FIRST AMENDED COMPLAINT, AND DEFENDANTS COULD

2

REBUT ANY AND ALL EVIDENTIARY PRESUMPTION;…….pg.21

5. PLAINTIFFS' RIGHT OF REDEMPTION IN ITS TENTH CAUSE OF
ACTION IS GUARANTEED EQUITABLY AND STATUTORILY IN
THE STATE OF CALIFORNIA, AS WELL AS UNDER FEDERAL
LAWS;……………………………………………………pg.22

6. ALL CLAIMS OF NIED AND IIED IN FIRST AMENDED
COMPLAINT REMAIN WELL-PLED;……………………….pg.25

7. THE MOTION TO DISMISS FAILS ON ITS MERITS, AS PER
LOCAL RULE 7-3…………………………………………..pg.26

**V.    CONCLUSION……………………………………..pg.28**

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)………….pg.10

*Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004)………………………pg.11

*Balistreri v. Pacifica Police Dept* ., 901 F.2d696, 699 (9th Cir. 1990)………..pg.07

*Brave New Films 501(c)(4) v. Weiner,*

626 F. Supp. 2d 1013, 1015 (N.D. Cal. 2009)…………………………………pg.07

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)………………..pg.11, 27

*David v. Hernandez* (2014) 226 Cal.App.4th 578, 584

[172Cal.Rptr.3d 204]……………………………………………………… pg.22

*Gilligan v. Jamco Dev. Corp*., 108 F.3d 246,

249 (9th Cir. 1997)……………………………………………………………pg.10

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)……………………………...pg.10,12

*Fontana v. Haskin*, 262 F.3d 871, 977 (9th Cir. 2001)………………………pg.11

*Greenspan v. Admin. Office of the United States Courts*,

No.14-cv-2396 JTM, 2014 WL………………………….……………………pg.07

*Hamud v. Hawthorne* (1959) 52 Cal.2d 78…………………………………pg.17

*Hertz Corp. v. Friend*, 559 US 77 – 2010…………………………………..pg.13

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)…………………………..pg.12

*Ileto v. Glock, Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003)……………………..pg.11

*Jacobs Farm/Del Cabo, Inc. v. Western FarmService, Inc. (2010) 190 Cal.App.4th 1502, 1526 [119 Cal.Rptr.3d 529]*……………………………………………………pg.22

*Jenkins v. McKeithen*, 395 U.S. 411, 421 reh'g denied, 396 U.S. 869 (1969)……………………………………………pg.12

*Magnus v. Morrison* (1949) 93 Cal.App.2d 1, 3……………………………….. pg.21

*Morello v. Metzenbaum* (1944) 25 Cal.2d 494……………………………….. pg.17

*Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005)…………………….pg.12

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)………………………… pg.11

*Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003)………………………….pg.11

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)……………………………….. .pg.11

*Taniguchi v. Restoration Homes, LLC*, No. A152827, 2019 WL 1923068 (Cal. Ct. App. Apr. 30, 2019), as corrected (May 2, 2019)……*passim*

*Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981)……………………………………………………………...pg.12

*Thai v. Stang*, 214 Cal. App. 3d 1264………………………………………pg.22

*United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)………………………………………………………………pg.07

/// 

/// 

/// 

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

**CODE AND STATUTORY AUTHORITIES**

2 Bernhardt et al., Cal. Mortgages, Deeds of Trust, and Foreclosure Litigation

(Cont.Ed.Bar 4th ed. 2019) § 10.1, p. 10-5)…………………………………..pg.24

24 CFR § 203.333 - Reinstatement of defaulted mortgage……………………pg.16

Cal. *Cod, Bus. & Prof. Code* § 17200 *et seq*………………………………..*passim*

*Revenue & Taxation Code* § 23101(a)…………………………………………...pg.13

Cal. *Cod., Civil Cod. Proc.* § 2923.7……………………………………………*passim*

Cal. *Cod., Civil Cod. Proc.* § 2924c……………………………………………*passim*

Cal. *Cod., Civil Cod. Proc.* § 5715………………………………………………pg.23

Cal. *Cod., Civil Cod. Proc.* § 726(e)……………………………………………..pg.24

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

## MEMORANDUM OF POINTS & AUTHORITIES

## I.     <u>INTRODUCTION</u>

Not only is present Defendant Wells Fargo Bank, N.A. ("Present Defendant") wrong on several points in its motion to dismiss, Wells Fargo Bank, N.A. exposes its instant Motion to Dismiss for what it really is: an attempt to further delay adjudication of Plaintiffs' claim, and implementing deceptive tactics to gain diversity jurisdiction in incorrectly changing defendants from Original Defendant Wells Fargo & Company ("Original Defendant") to present Defendant Wells Fargo Bank, N.A..

The dismissal Defendant Wells Fargo Bank, N.A. seeks under Federal Rule of Civil Procedure 12(b)(6) is proper only in "extraordinary" cases. *Greenspan v. Admin. Office of the United States Courts*, No.14-cv-2396 JTM, 2014 WL 6847460, at *4 (N.D. Cal. Dec. 4, 2014) (citing *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)). The Ninth Circuit mandates that courts should grant a 12(b)(6) motion only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept .*, 901 F.2d696, 699 (9th Cir. 1990).

The question presented in a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *Brave New Films 501(c)(4) v. Weiner*, 626 F. Supp. 2d 1013,

1015 (N.D. Cal. 2009). Applying this established law, the Court must deny Defendant's motion.

Based on Defendant Wells Fargo Bank, N.A.s' persistent misrepresentations of the law and facts, the Court should be all the more skeptical of Defendants' arguments and refuse to indulge its efforts in wasting judicial resources and time to prevent Plaintiffs from receiving redress for its harms.

Accordingly, for the reasons set forth below, and all communications, incorporated herein and on which Plaintiffs rely, Plaintiffs Mohandas, and Lekha Shaji respectfully request this Court deny Defendant Wells Fargo Bank, N.A.s' motion to dismiss, and in the alternative, seek leave to amend.

## II.    **FACTUAL ALLEGATIONS**

On March 30, 2021, Plaintiffs, by and through its undersigned counsel, filed its First Amended Complaint to rectify any, and all defective documents they may have received from a legal consultant, Sandy Castro.

When Plaintiffs filed the Original Complaint against Original Defendant **Wells Fargo & Company**, the loan issuer situated in the State of California with nerve center in California, Defendant Wells Fargo Bank, N.A., did not have appropriate diversity jurisdiction to appear before this honorable Court.

Between April 19, and 20, 2021, Mr. Jeremy Shulman ("Mr. Shulman") - in trying to evade state court jurisdiction and in desperately seeking federal diversity

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

jurisdiction to favor his client - deceptively e-mailed Plaintiffs' Counsel that correct defendant in this case is Wells Fargo Bank, N.A.

Based on its good-faith, Plaintiffs oblige in changing the defendant promptly, because Plaintiffs were unaware of Mr, Shulman's game.

Then, Plaintiffs' Counsel reached out to Mr. Shulman to further meet-and-confer on a stipulation previously filed with the state court regarding the case-management conference.

Again, in a dilatory and deceptive tactic, Mr. Shulman proposed an extension of time in filing his responsive pleading.

After review, Plaintiffs' Counsel informed Mr. Shulman of being admitted to the Central District of California, and in signing the appropriate extension for for federal court.

In a turn of events, Mr. Shulman, **without properly meeting-and-conferring on all stated issues of his motion to dismiss**, files the Wells Fargo Bank, N.A.'s motion to dismiss in federal court.

Plaintiffs were shocked, as they signed an extension form, and only because of Mr. Shulman's delay in filing the appropriate extension, failing to meet-and-confer, and engaging in gamesmanship throughout this process, Plaintiffs found themselves removed to federal court with a motion to dismiss.

Mr. Shulman provided Plaintiffs' Counsel no meet-and-confer issues on this

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

motion to dismiss, especially as it pertains to second and third mortgages with Creative and Citi.

To date, Plaintiffs already resolved all their invoices with Creative, and Citi, and remain current on any and all mortgages and payments owed to those second and third mortgages.

Mr. Shulman brings up irrelevant mortgages to **hide behind, and conceal the shortcomings of its own client**, Wells Fargo & Company, deceptively changed to its parent company, Wells Fargo Bank, N.A.

## III.   LEGAL STANDARD FOR MOTION TO DISMISS

Motions to dismiss are disfavored, as there exists "'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint does not require detailed factual allegations; it simply must plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a motion to dismiss, a district court must take as true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *Ileto v. Glock, Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003). A court also must take into account all inferences supporting the complaint that a trier of fact reasonably could draw from the evidence. See *id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] 'presum[es] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); see also *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting *Fontana v. Haskin*, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

the claim that would entitle him to relief. See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); see also *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

## IV. ARGUMENT

### A. DEFENDANT'S MOTION TO DISMISS MUST BE DENIED.

In reviewing a motion to dismiss, all factual allegations must be accepted as true, and the First Amended Complaint must be construed in Plaintiffs' favor to determine whether, under any reasonable reading of such Complaint, Plaintiffs may be entitled to relief. any ambiguity in the documents must be resolved in favor of the plaintiffs. *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005.) Thus, if a complaint alleges sufficient facts giving rise to a plausible claim, the motion must be denied, and Plaintiffs must be given the opportunity to offer evidence in support of their claims.

1. DECEPTIVE TACTICS OF DEFENDANT(S) TO GAIN DIVERSITY JURISDICTION IN IMPROPERLY INFORMING PLAINTIFFS OF PARENT COMPANY DEFENDANT, I.E., WELLS FARGO BANK, N.A., INSTEAD OF ORIGINAL DEFENDANT AND PERPETRATOR, WELLS FARGO & COMPANY.

**In this case** before the Court, the "forum defendant rule" prohibits removal

based on diversity jurisdiction if one of the properly joined and served defendants is a citizen of the state in which the action is filed. Corporations remain as citizens of both the state or foreign state, where they incorporated and also the state or foreign state in which their principal place of business is located.

The test for domicile of a Corporation is **not** where the parent company of defendant is located; the test is where the principal place of business, nerve center, and business operations were controlled from. *Hertz Corp. v. Friend*, 559 US 77 – 2010. All such domicile of original Defendant Wells Fargo & Company in this present matter points to the State of California. Moreover, California defines "doing business" as "actively engaging in any transaction for the purpose of financial or pecuniary gain or profit." *Revenue & Taxation Code* § 23101(a.)

Original Defendant Wells Fargo & Company is actively doing business in the State of California procuring, and alleging to lend sound home mortgage loans to homeowners such as Plaintiffs for financial and pecuniary profit.

In addition, based on Plaintiffs' Counsel's research, several lawsuits exist against Wells Fargo & Company, N.A., in the State of California, and in other jurisdictions, such as New York. No reason exists, except to seek federal diversity jurisdiction, as to why this original Defendant was to be amended to its parent company, present Defendant Wells Fargo Bank, N.A.

No absolute requirement was in place for Mr. Shulman to have Plaintiffs

13

change the defendant from Wells Fargo Company to Wells Fargo Bank, N.A.; he did so **only to gain federal diversity jurisdiction**.

This Motion to Dismiss must be denied for this sole reason, where Defendants engage in gamesmanship to litigate in federal court, under falsely-sought diversity jurisdiction and in deceiving Plaintiffs.

2. <u>FAILURE OF DEFENDANT(S) TO ABIDE UNDER CALIFORNIA *CODE, CODE OF CIVIL PROCEDURE* SECTION 2294 (c) WELL-PLED IN FIRST AMENDED COMPLAINT.</u>

In California, C.C.P. Section 2924c overrides typical mortgage acceleration clauses to provide borrower the right to cure a default after paying the amount in default, rather than the entire principal balance, plus specified fees and expenses.

The California Legislature-enacted Civil Code Section 2924c provides when all or part of the principal secured by a mortgage or deed of trust becomes due as a result of the borrower's default in making payments, the borrower **may reinstate the loan and avoid foreclosure by paying the amount in default, along with certain fees and expenses**. *Taniguchi v. Restoration Homes, LLC*, No. A152827, 2019 WL 1923068 (Cal. Ct. App. Apr. 30, 2019), as corrected (May 2, 2019).

The statutory intent was to counteract the "acceleration clauses" often included by lenders in loan documents (accelerating the loan and requiring full payment of the entire loan in the event of default) and served the **public policy of**

**saving equities in homes**, provided such equities were often built over time through the borrower's monthly payments.

Thus, this Court must recognize how Defendant(s) failed to meet their code-based duty, and must rule in the interest of Plaintiffs in saving equities in its now-lost home.

> a. *Failure of Original and Present Defendant(s) to Establish a "Workout: and a "Single Point of Contact" for Plaintiff Shajis' Payment of Timely Replacement Financing in the amount of $375,000 on Dec. 13, 2019, five-days before loan acceleration.*

Original Defendant Wells Fargo & Company's Lack of Acceptance of borrower-Plaintiffs' Payment of Replacement Financing precluded Plaintiffs from making even a single payment to prevent delinquency and foreclosure of their 20-year old home.

Under C.C.P. 2923.7:

> "(a) When a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact. [intentionally omitted…]

> (c) The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current."

In fact, Original Defendant Wells Fargo faltered in its Loss-Mitigation program. It never designated a single point of contact for the Plaintiff-Borrowers to communicate, as per C.C.P. section 2923.7. No Proper Communication.

Thus, when Plaintiffs sent the Dec. 13, 2019 letter-of-intent to initiate Payment of Replacement Financing from Standard Home Lending, in the amount of $375,000, for a $600,000 equity home, to possibly cure any and all amounts in default with Original Defendant Wells Fargo & Company. Such communication remains valid and enforceable, and is not barred, and occurred within the five-days stated under C.C.P. 2924(c.) Defendants sent notice on Dec. 18, 2019.

The Plaintiff-Borrowers' Right to Reinstate remains prior to foreclosure, and even before Defendant issued any and all alleged Notice. C.C.P. Section 2953 provides that the right of reinstatement created by § 2924c cannot be waived in "[a]ny express agreement made or entered into by a borrower at the time of or in connection with the making of or renewing of any loan secured by a deed of trust, mortgage, or other instrument creating a lien on real property."

Even under 24 CFR § 203.333 - Reinstatement of defaulted mortgage:

"If after default and prior to the completion of foreclosure proceedings the mortgagor shall cure the default, the insurance shall continue as if a default had not occurred, provided the mortgagor pays to the mortgagee such expenses as the mortgagee has incurred in connection with the foreclosure proceedings and the mortgagee gives written notice of reinstatement to the Commissioner."

Plaintiffs adequately pleaded all such facts in their First Amended Complaint, where they offered Replacement Financing to Defendant(s) via Standard Home Lender, in the amount required to cure default, as well as directly communicate with Original Defendant Wells Fargo & Company. In terms of second and third mortgages, irrelevant to present and Original Defendant(s)' mortgage, Plaintiffs paid off all their balances, and remain current on any and all invoices.

No workout plan of Defendant(s) based on any subsequent agreement was put forth. See also *Hamud v. Hawthorne* (1959) 52 Cal.2d 78, which did not involve a subsequent agreement, and *Morello v. Metzenbaum* (1944) 25 Cal.2d 494. In addition, Plaintiffs did not waive or diminish its right to reinstatement, under any subsequent agreement. 2 Bernhardt et al., Cal. Mortgages, Deeds of Trust, and Foreclosure Litigation (Cont.Ed.Bar 4th ed. 2019) § 10.1, p. 10-5.)

3.  <u>PLAINTIFFS ADEQUATELY PLED ANY AND ALL FACTUAL ALLEGATIONS TO SUPPORT ITS CLAIMS IN FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION.</u>

Based on above California *Civil Code*, and factual allegations in First Amended Complaint, in each cause of action: first (FAC Lns. 55-71), second (FAC Lns. 72-81), third (FAC Lns. 82-88,) fourth (FAC Lns. 89-95,) fifth (FAC Lns. 96-98,) and sixth (FAC Lns. 98-108), Plaintiffs adequately pleaded sufficient facts to

support each premise, and each element of such causes of action.

Plaintiffs sufficiently pled the who, what, where, why, and how of each element of each cause of action under 1-6.

**For the First Cause of Action**, FAC Lns. 55-71, Plaintiffs adequately pled to who, what, why, how, and in what method of communication, Plaintiffs send their Replacement Financing Letter, dated Dec. 13, 2019, with their loan commitment offer from Standard Home Lending to Defendants. Plaintiffs sufficiently plead their C.C.P. code section requirements under 2924(c).

**For the Second Cause of Action**, FAC Lns. 72-81, Original Defendant, and present Defendant were under a code-based duty, C.C.P. section 2294, and executed agreements, as Loan-Service Providers to reinstate the mortgage pursuant to Homeowners' willingness to pay default amounts with acquired Replacement Financing with Standard Home Lending.

**For the Third Cause of Action** (FAC Lns. 82-88,) Plaintiffs identified the making of a specifically enforceable type of contract, sufficiently certain in its terms; adequate consideration, and a just and reasonable contract; Plaintiff's performance, tender, or excuse for nonperformance; and Defendant's breach in failing to adhere to accept Replacement Financing Plaintiffs timely provided on December 13, 2021 in letter, fax, and e-mail format to Defendant. (Civil Code §3391.) Such material factual allegations were adequately provided for in the First

Amended Complaint.

For the **Fourth Cause of Action** (FAC Lns. 89-95,) specifically Lns. 93-94, show material facts where Defendants breached their fiduciary duty under a contract, and thus, accrued damages to Plaintiffs.

For the **Fifth Cause of Action** (FAC Lns. 96-98,) Plaintiffs paid their mortgage payment on time, and remained current for 18 of the 20 years, since 2005. Plaintiffs built sufficient equity in its home over time, as per California public policy. Yet, Defendants were unjustly enriched

For the **Sixth Cause of Action** (FAC Lns. 98-108,) Plaintiffs' FAC Lns. 101, 103-105 pled facts sufficient to allege a cause of action under California's expansive Unfair Competition Law, Cal. *Cod., Bus. & Prof. Code* § 17200 *et seq.*.

In *Tanaguchi v. Restoration Homes*, *supra*, under Section 2924c wrongly denying borrowers the right to reinstate their loans can constitute a basis for a companion claim under California's expansive UCL laws. The court reasoned UCL is "broad in scope" and any conduct by the lender that is inconsistent with Section 2924c can be used as a predicate for a UCL claim. *Id.* The FAC adequately pleads facts where California *Code, Business & Professions Code Sections* 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.100.

As more fully described in the FAC, the Foreclosing Defendants' acts and practices are more than likely to deceive, constituting a fraudulent business act or practice. This conduct is ongoing, and continues to this date. Thus, Defendant(s) claims in motion to dismiss hold no merit.

Such Defendants were under a duty to establish a single point of contact, where any loss prevention communication from Plaintiffs would be effectively communicated.

For example, in *Taniguchi v. Restoration Homes, supra,* No. A152827, the Court held that the loan modification at issue was "appropriately viewed as the making or renewal of a loan secured by a deed of trust . . . and is thus subject to the anti-waiver provisions of Section 2953." Therefore, the court held that the lender had failed to show that the borrowers "could not prevail on their claim" that the lender violated § 2924c and was accordingly not entitled to summary judgment, and remanded the matter to the trial court. *Id.*

California courts have long recognized the public policy behind the right to reinstatement. A Court of Appeal in 1949 observed:

"Section 2924c of the Civil Code was first enacted in 1933, during a time of financial stress and depression throughout the United States. The purpose of the legislation was to save equities in homes, in many instances built up through years of monthly payments. . . . While conditions are fortunately different than they were in 1933, the protection given by the section to borrowers is just as important now as it was then. The right to make up payments in default and thus avoid calling the entire loan and sale under a trust deed is good public policy at any time."

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

*Magnus v. Morrison* (1949) 93 Cal.App.2d 1, 3.

**Failure of Defendants to even reply** to Plaintiffs' Replacement Financing of the entire amount in default **pervades through all causes of actions 1-6**.

4. <u>NEGLIGENCE *PER SE*, FAC LNS. 125-130, IS SUFFICIENTLY JUSTIFIED BASED ON NEGLIGENCE CAUSE OF ACTION IN FIRST AMENDED COMPLAINT, AND DEFENDANTS COULD REBUT ANY AND ALL EVIDENTIARY PRESUMPTION</u>.

Negligence per se occurs in any situation where a defendant violated a statute or ordinance enacted to protect similarly-situated persons in the same class or circumstances.

In California, there are four elements required to establish a viable negligence per se theory: (1) the defendant violated a statute or regulation; (2) the violation caused the plaintiff's injury; (3) the injury resulted from the kind of occurrence the statute or regulation was designed to prevent; and (4) the plaintiff was a member of the class of persons the statute or regulation was intended to protect. *Taulbee v. EJ Distribution Corp.* (2019) 35Cal.App.5th 590, 596 [247 Cal.Rptr.3d 538], internal citations omitted.)

"The first two elements are normally questions for the **trier of fact** and the last two are **determined by the trial court as a matter of law**. That is, the trial court decides whether a statute or regulation defines the standard of care in a

particular case." *Jacobs Farm/Del Cabo, Inc. v. Western FarmService, Inc. (2010) 190 Cal.App.4th 1502, 1526 [119 Cal.Rptr.3d 529]* internal citations omitted; see also Cal. Law Revision Com. com. to Evid. Code, § 669. [Emphasis Added.]

To establish a duty of care under negligence, and negligence *per se* is a question for the jury. *Thai v. Stang*, 214 Cal. App. 3d 1264. The standard of care is high as a matter of law, that material facts show a lack of causality, but is unmeetable. *Id.*

As this case was originally filed under the state law of California, Plaintiffs adequately established material facts to show allegations of whether Defendant(s)' duty owed to Plaintiffs in First Amended Complaint, under C.C.P sections 2294 and 2294 (c); *David v. Hernandez* (2014) 226 Cal.App.4th 578, 584 [172Cal.Rptr.3d 204].

The genuine issue of causation, under Evidence Code 669 (a) was sufficiently established in First-Amended Complaint, because but-for Defendants' neglect in replying to, and accepting Plaintiffs' Replacement payment of entire amount in default, in Plaintiffs' letter dated December 13, 2020, Plaintiffs would not have been harmed. Plaintiffs' harm was actually, and proximately caused by Defendant(s) conduct, where Plaintiffs were forced to move-out, and give up their 20-year old home, with sufficient equity built up in this home over the years.

Defendant(s) must rebut the presumption of negligence, but only with

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

evidence establishing a justification or excuse for the statutory violation. *Spriesterbach v. Holland,* 215 Cal.App.4th 255 (2013.) This must be pursued in discovery, and not at the complaint pleading stage.

Thus, Plaintiffs established *prima facie* cause of action of Negligence, and in turn, Negligence *per se* as evidentiary presumption.

5. <u>PLAINTIFFS' RIGHT OF REDEMPTION IN ITS TENTH CAUSE OF ACTION IS GUARANTEED EQUITABLY AND STATUTORILY IN THE STATE OF CALIFORNIA, AS WELL AS UNDER FEDERAL LAWS.</u>

Pursuant to the State of California laws, under California Code, Plaintiffs allegedly had 90-days to redeem property after foreclosure sale. Defendant(s) failed to inform Plaintiffs of such right to redemption, under their duty to mitigate, under the California *Code, Code of Civil Procedure* sections 2923.7, and 5715.

"CIVIL CODE SECTION 5715. RIGHT OF REDEMPTION.

(a) Notwithstanding any law or any provisions of the governing documents to the contrary, this section shall apply to debts for assessments that arise on and after January 1, 2006.

(b) A nonjudicial foreclosure by an association to collect upon a debt for delinquent assessments shall be subject to a right of redemption. The redemption period within which the separate interest may be redeemed from a foreclosure sale under this paragraph ends 90 days after the sale. In addition to the requirements of Section 2924f, a notice of sale in connection with an association's foreclosure of a separate interest in a common interest development shall include a statement that the property is being sold subject to

the right of redemption created in this section."

*Assuming arguendo* South Dakota's laws take precedence, under South Dakota law, Plaintiffs would have received one year, 180 days, or 60 days to redeem the home after the foreclosure, depending on the circumstances. In general, the borrower gets one year to redeem the home after a foreclosure sale. S.D. Codified Laws § 21-52-11.

Under South Dakota laws, Plaintiffs may receive rights under its mortgage contracts to reinstate the loan in a non-judicial foreclosure. Whereas, in a judicial foreclosure, Plaintiffs when they pay the reinstatement amount before the court enters a judgment in a judicial foreclosure, the court can dismiss the foreclosure action. S.D. Codified Laws §§ 21-47-8, 21-47-10.

As Plaintiffs remain in California, and the situs of property is in California, all California real-estate laws must apply in this case. Even under California law, C.C.P. § 726 states: "(e) If a deficiency judgment is waived or prohibited, the real property or estate for years therein shall be sold as provided in Section 716.020. If a deficiency judgment is not waived or prohibited, the real property or estate for years therein shall be sold subject to the right of redemption as provided in Sections 729.010 to 729.090, inclusive." Moreover, nonjudicial foreclosure in California is that, pursuant to C.C.P. § 580d, the creditor has no right to a deficiency judgment.

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

Thus, Plaintiffs were under a right of redemption, and Defendants did not inform Plaintiffs of this within the statutorily allotted time frame.

6. <u>ALL CLAIMS OF NIED AND IIED IN FIRST AMENDED COMPLAINT REMAIN WELL-PLED.</u>

As a result of Defendants' misconduct caused under their duty as loan-service providers, and under California-established torts, Plaintiffs' harm and pre-existing conditions were much aggravated. The physical as well as mental anguish and stress Plaintiffs underwent to establish each element of the *prima facie* claims of NIED and IIED were adequately pleaded in the First Amended Complaint. Lns. 109-125.

As per the Egg-shell skull rule, a defendant is liable for the plaintiff's unforeseeable and uncommon reactions to the defendant's negligent and intentional tort. The tortfeasor takes his victim as he finds him, see, e.g., *Gibson v. County of Washoe*, 290 F.3d 1175, 1192–93 (9th Cir.2002.)

Thus, Plaintiffs' claims of NIED and IIED, where a pre-existing physical condition of Plaintiff Mohandas Shaji was significantly exacerbated with increased doctor's visits during this period of reinstatement remains sufficiently pleaded in Plaintiffs' First Amended Complaint.

7. <u>THE MOTION TO DISMISS FAILS ON ITS MERITS IN FAILING TO MEET-AND-CONFER, AS PER LOCAL RULE 7-3.</u>

This Court must reject Defendants' motion as it fails to comply with the requirements of Fed. R. Civ. P. 12(b). Nonetheless, if the Court elects to consider the motion, the Motion must be denied as the arguments Defendants' raise are meritless. Analysis of the Complaint as a whole demonstrates that the Complaint contains a detailed factual account that more than satisfies Fed. R. Civ. P. 8.

        a. _Dilatory Tactics of Mr. Shulman in Requesting Additional Time in State Court, and later to File in Federal Court; Where, When Plaintiffs' Counsel thus provided such time, Mr. Shulman filed this Motion to Dismiss without adhering to his proposed stipulation, and without effectively meeting-and-conferring on all issues stated in his motion to dismiss in violation of Standing Orders, Pre-Filing Meet-and-Confer, Local Rule 7-3._

Instead of reaching out to Plaintiffs' Counsel to request additional extension of time in federal court, Mr. Shulman only brought up filing in federal court, desiring an extension of time to file his responsive pleading in state court, and any purported motion to dismiss in federal court. This occurred when Plaintiffs' under-signed Counsel e-mailed Mr. Shulman on her own accord.

Moreover, for a present-value $650,000 home, when Plaintiffs' Counsel reached out urging Defendants to settle, Mr. Shulman proposed telling his clients to settle for $1,500. Plaintiffs' Counsel informed Mr. Shulman this was bad-faith in

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

settlement negotiations.

In filing this motion to dismiss with a hearing date in August 2021, Mr. Shulman is engaging in dilatory tactics, further delaying adjudication of Plaintiffs' rights under California and Federal laws. This Court must take such tactics of counsel into consideration while denying this motion to dismiss.

b. <u>The Court Must Consider the Complaint in Its Entirety when Evaluating a Motion to Dismiss for Failure to State a Claim.</u>

FAC Lns. 1-51 well-plead any, and all factual allegations in Plaintiffs' First-Amended Complaint.

Consideration of the First-Amended Complaint as a whole demonstrates it meets the requirements established under the Federal Rules. "[A] complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556).

<u>In this case</u>, the First Amended Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in no way relies upon

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

mere legal conclusions but contains a detailed factual account of Defendants'

illegal practices and wrongful foreclosure under California and Federal laws.

## V.    <u>CONCLUSION</u>

Based on all foregoing reasons as well as above-stated authorities, Plaintiffs

Mohandas, and Lekha Shaji respectfully request this Court deny Plaintiffs' motion,

and in the alternative, seek leave to amend complaint.

///

**DATED: MAY 17, 2021**                    *Respectfully Submitted*,

*Reshma Kamath*

**Reshma Kamath,**
**Counsel,**
**For Plaintiffs Lekha, and Mohandas Shaji**

28

**PROOF OF SERVICE**

F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of Yuma, Arizona. I am over the age of 18, and not a party to this action. My business address is: P.O. Box 2792, Yuma, Arizona 85366. On May 17, 2021, I served the following document(s), by method indicated below, on the parties in this action: *SEE ATTACHED SERVICE LIST.*

**PROOF OF SERVICE FOR PLAINTIFFS SHAJI, MOHANDAS, AND LEKHA SHAJI'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS.**

**<u>METHODS OF SERVICE</u>:**

**U.S.P.S. MAIL; AND, ELECTRONIC SERVICE.**

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. **Executed on May 17, 2021 in Yuma, Arizona.**

///

**/s/ Reshma Kamath**
**Reshma Kamath**

**<u>SERVICE LIST</u>**

Jeremy E. Shulman, Esq. Anglin Flewelling & Rasmussen LLP,
301 N. Lake Avenue, Suite 1100, Pasadena, California 91101-4158,
E-Mail: jshulman@afrct.com

///

COURTESY COPIES DELIVERED TO COURT CHAMBERS OF HONORABLE

JUDGE, AS PER Local Rule 5-4.5.

29

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**