Reshma Kamath, Cal. Bar No. 333800
P.O. Box 2792, Yuma, Arizona 85366
Ph.: (650)-257-0719
E: reshmakamath2021@gmail.com
Counsel for Plaintiffs
Mohandas Shaji, and Lekha Shaji

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION-LOS ANGELES)

|  |  |
|---|---|
| SHAJI MOHANDAS, and LEKHA SHAJI,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., AND DOES 1-10, INCLUSIVE,<br><br><br>    Defendants. | CASE NO.: 2:21-CV-03349-JAK-PD<br><br>*[Assigned to Hon. Judge John A. Kronstadt]*<br><br>PLAINTIFFS MOHANDAS AND LEKHA SHAJI'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE OPPOSITION TO MOTION TO DISMISS, AND IN SUPPORT OF THE TENTH AND ELEVENTH CAUSES OF ACTION IN THE SECOND-AMENDED COMPLAINT. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

Memorandum of points and authorities ........................................................ 5

Introduction ................................................................................................... 5

Legal Standard .............................................................................................. 6

Argument ......................................................................................................9

    1. The Allegations of the Second-Amended Complaint are Sufficient to Establish the Existence of an Actual Controversy Warranting Declaratory Judgment- the Tenth Cause of Action…………………………………………..9

    2. The Allegations of the Second-Amended Complaint are Sufficient to Establish the Existence of an Actual Controversy Warranting Injunctive Relief- the Eleventh Cause of Action…………………………………...........10

    3. The Factual Allegations in the Second-Amended Complaint support the First-Amended Complaint……………………………………………………13

    4. The Factual Allegations in the Second-Amended Complaint do not disturb the motion to dismiss, and any oppositions and replies in response…………15

Conclusion ..................................................................................................16

1

TABLE OF AUTHORITIES

2
*Cases*

3
Aetna Life Ins. Co. v. Haworth (1937) 300 U.S. 227……………………………………..14

Aralac, Inc. v. Hat Corp. of America (3rd Cir. 1948) 166 F.2d 286…………………14

4
Baggett v. Hewlett-Packard Co. (C.D.Cal. 2007) 582 F.Supp.2d 1261………………6

Bell Atl. Corp. v. Twombly (2007) 550 U.S. 55 ………………………………………..6

5
Belloc v. Davis (1869) 38 Cal. 242 ............................................................................7

6
Bisno v. Sax (1959) 175 Cal.App.2d 714……………………………………..*passim*

Bond Mortgage Guarantee Co. v. White (1913) 142 N.Y.S. 1038 ..........................7

7
City of South Pasadena v. Department of Transportation (1994) 29 Cal.App.4th

8
1280..…………………………………………………………………………………12

Dura Pharms., Inc. v. Broudo (2005) 544 U.S. 336………………………………6,14

9
Erickson v. Pardus 551 U.S. 89 2007…………………………………………………6

10
Gafcon, Inc. v. Ponsor & Associates (2002) 98 Cal.App.4th 1388……………………10

Gaffney v. Downey Savings Loan Assn (1988) 200 Cal.App.3d 1154, 1169………..13

11
Glaski v. Bank of America, National Association (2013) 218 Cal.App.4th 1079……..8

12
Gonzalez v. Hirose (Cal. 1948) 33 Cal.2d 213...........................................................8

Hacker v. Homeward Residential, Inc. (2018) 23 Cal.App.5th 111……………......8

13
Heimann v. National Elevator Industry Pension Fund (5th Cir. 1999) 187 F.3d 493...14

14
Hicks v. Reis (1943) 21 Cal.2d 654…………………………………………………15

Home Owners' Loan Corp. v. Washington (1945)108 Utah 469. ..........................7

15
Huong Que, Inc. v. Luu (2007) 150 Cal.App.4th 400, 418....................................10

16
Jackson v. Carey (9th Cir. 2003) 353 F.3d 750…………………………………………15

Lester v. J.P. Morgan Chase Bank, 926 F.Supp. 2d 1081……………………………..7

17
Lovetro v. Steers (1965) 234 Cal.App.2d 461, 479......................................................13

18
Lucioni v. Bank of Am., N.A. (2016) 3 Cal.App.5th 150........................................12

Maryland Gas. Co. v. Pacific Coal & Oil Co. (1941) 312 U.S. 270…………………14

19
Mason v. Luce (Cal. 1897) 116 Cal. 232.....................................................................7

20
McCue v. Bradbury (Cal. 1906) 149 Cal. 108 ……………………………………..9

McFarland v. Christoff 120 Ind. App. 416 [92 N.E.2d 555, 557-558] .....................7

21
Onofrio v. Rice (1997) 55 Cal.App.4th 413……………………………………………7

22
Paper Carriers Union No. 450 v. Pulitzer Pub. Co., (8th Cir. 1962) 309 F.2d 716…...14

Passanisi v. Merit McBride Realtors, Inc. (1987) 190 Cal.App.3d 1496 …..…..….13

23
Petersen v. Ridenour, (1955) 135 Cal.App.2d 720.......................................................9

24
Rauer's Law etc. Co. v. S. Proctor Co. (1919) 40 Cal.App. 524 ..........................13

S.D. Walker, Inc. v. Brigantine Beach Hotel Corp. 44 N.J. Super. 193……………7

25
Selby v. Battley (1957)149 Cal.App.2d 659  ........................................................10

26
Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, etc. (5th Cir. 1943) 137

F.2d 176………………………………………………………………………………14

27
Times-Mirror Co. v. Superior Court (Cal. 1935) 3 Cal.2d 309 ................................9

28
Trinity County Bank v. Haas, (Cal. 1907) 151 Cal. 553 ...........................................7

Trowbridge v. Malex Realty Corp. (1920) 198 App. Div. 656 ...................................8
Weiner v. Van Winkle (1969) 273 Cal.App.2d 774……………………………………..4
Westlands Water Dist. v. Firebaugh Canal (9th Cir. 1993) 10 F.3d 667……………..15
Wuest v. Wuest (1942) 53 Cal.App.2d 339……………………………………………...9
Yvanova v. New Century Mortgage Corp. (2016) 62 Cal.4th 919……………….....12

*Statutes*

28 U.S.C. § 2201…………………………………………………………………….14
41 C.J. § 1055, p. 861 .............................................................................................7
59 C.J.S. § 506, p. 826.............................................................................................7
86 C.J.S., Tender, §27, pp. 570-571……………………………………………..13
Fed.R.Civ. P. 8(a)(2)………………………………………………………... ..6
Fed.R.Civ.P. 12(b)(6)………………………………………………………....6
Civ. Cod., § 1486....................................................................................................12
Code Civ. Proc., § 726……………………………………………………....8,13

*Miscellaneous*

Annotation, Recognition of Action for Damages for Wrongful Foreclosure—Types of
Action (2013) 82 A.L.R.6th 43……………………………………………………..8
4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of Trust, § 10:212, p. 686…..7
Pomeroy, Equity Jurisprudence (5th ed.), section 433………………………………...8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This supplemental brief addresses the opposition to motion to dismiss pending before this court - specifically pertaining to the tenth and eleventh causes of actions in the Second-Amended Complaint, stipulated and filed with this court.

In thus ruling on the pending motion to dismiss, a court of equity must exercise its discretion considering the prejudice and hardship the Plaintiffs faced in the wrongful foreclosure and subsequent unlawful detainer from their home of nineteen years located at 1218 Desford Street, Torrance, California 90502. ("Subject Property.") Plaintiffs Mohandas Shaji and Lekha Shaji ("Plaintiffs") had legal title to the subject property with a properly recorded grant deed with the Los Angeles County recorder's office.

For this motion to dismiss supplemental brief, Plaintiffs Mohandas Shaji, and Lekha Shaji state as follows:

The tenth cause of action is justiciable for the legal rights and remedies of Plaintiffs in this wrongful foreclosure action.

The eleventh cause of action is a remedy for Plaintiffs to pursue in furtherance of not seeking more injunctive relief. The subject property arose from a wrongful foreclosure action with the foreclosing Defendant Wells Fargo Bank, N.A. ("Defendant(s)") having pursued non-judicial foreclosure of the subject property without allowing Plaintiffs to properly bid on the subject property, and to redeem it within any statutory and equitable redemption period.

The subject property could be reclaimed.

Defendant(s)' supplemental brief is right in stating that the Second-Amended Complaint has new facts; yet, supporting the Defendant(s)' past and on-going wrongful foreclosure and business practices relating to the wrongful foreclosure proceedings of the subject property of Plaintiffs as in the First-Amended Complaint.

1       Plaintiffs Mohandas Shaji and Lekha Shaji (husband and wife) request the tenth

2   and eleventh causes of actions to remain intact, because in a home-mortgage wrongful

3   foreclosure situation where a property, or *res*, is involved, the rights and remedies of

4   parties, as well as the specific performance associated with the sale of the property

5   remain at issue.

6       Plaintiffs Mohandas Shaji and Lekha Shaji (and their son) have the requisite

7   standing to pursue the claims stated under the tenth and eleventh causes of action under

8   the wrongful foreclosure claim. The statute of limitations supersedes any and all time-

9   barred claims for Plaintiffs to bring this action and claims for relief for wrongful

10  foreclosure against Defendant(s.) The facts addressed in the Second-Amended

11  Complaint bolster the two new causes of actions presented therein.

## LEGAL STANDARD

12

13      The standards applicable to reviewing a motion to dismiss pursuant to

14  Fed.R.Civ.P. 12(b)(6) were summarized as follows in *Baggett v. Hewlett-Packard Co*.,

15  582 F.Supp.2d 1261 (C.D.Cal. 2007): A complaint must be dismissed when a

16  plaintiff's allegations fail to state a claim upon which relief can be granted.

17  Fed.R.Civ.P. 12(b)(6.)

18      Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plaint

19  statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ. P.

20  8(a)(2). '[O]rdinary pleading rules are not meant to impose a great burden upon a

21  plaintiff.' (*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347, 125 S.Ct. 1627, 161

22  L.Ed.2d 577 (2005).) 'Specific facts are not necessary; the statement need only "give

23  the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'

24  (*Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per

25  curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167

26  L.Ed.2d 929 (2007)).)

27

28

1    Additionally, in this context, Tender is not required where the foreclosure sale
2    is void, rather than voidable, such as when a plaintiff proves that the entity lacked the
3    authority to foreclose on the property. (*Lester v. J.P. Morgan Chase Bank*, 926 F.Supp.
4    2d 1081, 1096-97 (E.D. Cal. 2013;) 4 Miller & Starr, Cal. Real Estate (3d ed. 2003)
5    Deeds of Trust, § 10:212, p. 686.)

6    Besides, there are other exceptions to the tender requirement. (See e.g., *Onofrio*
7    *v. Rice* (1997) 55 Cal.App.4th 413, 424, [tender may not be required where it would
8    be inequitable to do so].)

9    Speaking generally, the acceptance of payment of a delinquent installment of
10   principal or interest cures that particular default and precludes a foreclosure sale based
11   upon such preexisting delinquency. The same is true of a tender which has been made
12   and rejected. (*Trinity County Bank v. Haas*, 151 Cal. 553, 556; *Mason v. Luce*, 116
13   Cal. 232, 237; Belloc v. Davis, 38 Cal. 242, 249-251; *Home Owners' Loan Corp. v.*
14   *Washington*, 108 Utah 469; *Bond Mortgage Guarantee Co. v. White*, 142 N.Y.S. 1038,
15   1040; *McFarland v. Christoff*, 120 Ind. App. 416; *S.D. Walker, Inc. v. Brigantine*
16   *Beach Hotel Corp*., 44 N.J. Super. 193.)

17   Further "A tender of payment or performance sufficient to discharge the
18   mortgage may preclude foreclosure and a proceeding already commenced may be
19   stopped by paying what is due into court." (59 C.J.S. § 506, p. 826.) "Where a
20   mortgagee accepts payment of an installment of interest after it is in arrear, it is a
21   waiver of his right to declare the entire indebtedness due on account of such default."
22   (41 C.J. § 1055, p. 861.)

23   Manifestly, acceptance of payment of defaulted principal or interest cures that
24   particular default. (*Trinity County Bank v. Haas, supra*, p. 557.) To sustain a
25   foreclosure at that time, based upon defaults which had been cured, would amount to
26   enforcement of a penalty or a forfeiture, a thing which equity abhors. (*Bisno v. Sax*
27   (1959) 175 Cal.App.2d 714, 724-25.)

28

1    Moreover, "The test as to when a party will be relieved from a forfeiture is
2    stated by Pomeroy, Equity Jurisprudence (5th ed.), section 433, as follows: `Wherever
3    a penalty or a forfeiture is used merely to secure the payment of a debt, or the
4    performance of some act, or the enjoyment of some right or benefit, equity,
5    considering the payment, or performance, or enjoyment to be the real thing intended
6    by the agreement, and the penalty or forfeiture to be only an accessory, will relieve
7    against such penalty or forfeiture by awarding compensation instead. . . . The test
8    which determines whether equity will or will not interfere in such cases is the fact
9    whether compensation can or cannot be adequately made for a breach of the obligation
10   which is thus secured.'" (*Gonzalez v. Hirose*, 33 Cal.2d 213, 216 [ 200 P.2d 793; *Bisno*
11   *v. Sax* (1959) 175 Cal.App.2d 714, 726.)

12   In Bisno, *supra*, 727, the court cited *Trowbridge v. Malex Realty Corp.*, 198
13   App. Div. 656, where a defendant-owner was relieved from default in payment of
14   interest on a first mortgage; the second mortgage, which was under foreclosure,
15   provided that 10 days default in paying the interest on the prior should constitute
16   ground for acceleration of the debt secured by the second. The court adopted the view
17   that acceleration is a penalty or a forfeiture (pp. 102-103.)

18   Finally, homeowners may have standing to pursue their claims that derive from
19   this action of wrongful foreclosure. (*Glaski v. Bank of America, National Association*
20   (2013) 218 Cal.App.4th 1079, 1101, 160 Cal.Rptr.3d 449; *Hacker v. Homeward*
21   *Residential, Inc.* (2018) 23 Cal.App.5th 111, 123.) See generally, Annotation,
22   Recognition of Action for Damages for Wrongful Foreclosure—Types of Action
23   (2013) 82 A.L.R.6th 43 (claims that a foreclosure is "wrongful" can be tort-based,
24   statute-based, and contract-based.)

25   ///
26   ///
27   ///
28

<u>ARGUMENT</u>

1. <u>The Allegations of the Second-Amended Complaint are Sufficient to</u>
<u>Establish the Existence of an Actual Controversy Warranting Declaratory</u>
<u>Judgment- the Tenth Claim for Relief.</u>

California recognizes that: "Equity does not wait upon precedent which exactly squares with the facts in controversy, but will assert itself in those situations where right and justice would be defeated but for its intervention." (*Times-Mirror Co. v. Superior Court*, 3 Cal.2d 309, 331.) In the same spirit it is said in *Wuest v. Wuest*, 53 Cal.App.2d 339, 346: "Living as we do in a world of change, equitable remedies have necessarily and steadily been expanded to meet increasing complexities of such changing times, and no inflexible rule has been permitted to circumscribe the power of equity to do justice. As has been well said, equity has contrived its remedies `so that they shall correspond both to the primary right of the injured party, and to the wrong by which that right has been violated,' and `has always preserved the elements of flexibility and expansiveness, so that new ones may be invented, or old ones modified, in order to meet the requirement of every case, and to satisfy the needs of a progressive social condition, in which new primary rights and duties are constantly arising, and new kinds of wrongs are constantly committed.' (1 Pom. Eq.Jur., 4th ed., p. 125, § 111.)" While the briefs and our own research have failed to reveal any case which is factually parallel with the one at bar, it does appear that principles concerning forfeitures were applied to a wrongful foreclosure in *McCue v. Bradbury*, 149 Cal. 108, 113. In this case, the situation mimicked this present situation, and even more so with fraud and deceit.

Equity having taken jurisdiction over a cause does complete justice, even to the extent of exceeding the specific prayers of the complaint when necessary. *Petersen v. Ridenour*, 135 Cal.App.2d 720, 727: "It is fundamental that equity, having taken

jurisdiction, will grant complete relief. This is especially true in a declaratory judgment action. 'If a controversy exists as in this proceeding and a complaining party is entitled to some relief a trial court may not refuse to declare the rights of the parties concerning the controversy. [Citation.] The purpose of the action is to set at rest or at least quiet, until the occurrence of further events, the rights and relations of the parties. [Citations.]" "[T]he absence of a prayer is not fatal, the court being charged under section 580, Code of Civil Procedure with the duty in a contested case of granting any relief consistent with the case made by the complaint and embraced within the issue." (See also *Selby v. Battley*, 149 Cal.App.2d 659, 664-665.)

Elements of hardship to Plaintiffs Mohandas Shaji, and Lekha Shaji are present in this matter at bar. The facts alleged in the Second-Amended Complaint state the hardships and prejudice Plaintiffs faced. For example, the facts of the instant case warrant and require that Plaintiffs be relieved of the effect of the acceleration declared by Defendant(s.) The Defendant(s) and/or agents and employees could not accept the money (alternate service provider) to cover the existing defaults and continue to exercise the rights incident to a default.

Thus, this court in equity must sustain the tenth cause of action on declaratory judgment.

2.  The Allegations of the Second-Amended Complaint are Sufficient to
Establish the Existence of an Actual Controversy Warranting Injunctive
Relief- the Eleventh Cause of Action.

Injunctive relief is prospective. (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 418; *Gafcon, Inc. v. Ponsor & Associates* (2002) 98 Cal.App.4th 1388, 1403.)

This is a post-foreclosure injunctive relief. The injunctive relief must remain intact.

In the matter at bar before us, Defendant(s)' wrongful foreclosure sale of the subject property was conducted even when Plaintiffs Mohandas and Lekha Shaji had the full loan amount to tender from a new service provider, Standard Home Lender on December 13, 2019- five days before the December 19, 2019 date. Plaintiff Mohandas Shaji e-mailed this tender financing offer letter from Standard Home Lending of the full loan amount of $375,000 to Defendant(s)' employee/agent, Brent A. McCullough, where Plaintiffs were ready and able to cure the default on December 13, 2019. Plaintiff Mohandas Shaji also faxed this alternate financing offer letter to Mr. McCullough, Defendant(s)' employee/agent. Defendant(s) failed to reply, and did not allow Plaintiffs Mohandas Shaji and Lekha Shaji to bring their loan current on the default in tendering the full amount of payment with a new service provider. Thus, Plaintiffs had sufficient tender. Plaintiffs were willing and able to make the full amount of tender to cure the default on December 13, 2019.

Even with any disbursement of surplus funds, the subject property could be eligible for new protections under the passage of eligible bidder laws of Governor Gavin Newsom SB 1079. It was sold only to a company of Quality Loan Service Corporation. Only receiving value in surplus is insufficient to plaintiffs. Plaintiffs lived at subject property for 19 years. They built equity in the subject property. They made ends meet to pay off the loan each month even when their incomes were affected by external factors. Yet defendants issued the notice of default, even when Plaintiffs had the full loan amount to tender on December 13, 2019- five days before the acceleration date of December 19, 2019.

Plaintiffs contacted defendants via fax and e-mail. Defendants failed to respond. It is not the default causing the problems to Plaintiffs. It is the alleged conduct of Defendants in ignoring and refusing to accept the full loan tender five days before the due date.

1   Defendants engaged in wrongful foreclosure, and unlawful sale of the subject

2   property. They failed to give Plaintiffs their statutory and equitable right of redemption

3   to reclaim the house. Plaintiffs had legal title to the subject property, and a grant deed.

4   (*City of South Pasadena*, 29 Cal.App.4th at p. 1293.)

5   California law affords a private right of action to enjoin a nonjudicial sale where

6   a lender violates any statutory provisions. In *Stockwell v. Barnum* (1908) 7 Cal.App.

7   413, 94 P. 400, the court affirmed the judgment against a plaintiff who sought to set

8   aside and vacate a sale of real property under a deed of trust. Under Cal. *Civ. Proc.*

9   *Cod*. Sections 2924.17 and 2923.55, a homeowner may set aside a deed of sale, and

10  may also bring any action for injunctive relief for a material violation of such statutory

11  sections. (*Lucioni v. Bank of Am., N.A.* (2016) 3 Cal.App.5th 150, 158.)

12  A borrower may potentially have post foreclosure recourse. Such borrowers as

13  plaintiffs suffered prejudice because of the alleged conduct of the Defendant, i.e., the

14  wrongful foreclosure. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th

15  919, 199 Cal.Rptr.3d 66, 365 P.3d 845.) When a lender without a valid interest in a

16  property initiates a foreclosure, a borrower has a postforeclosure cause of action for

17  damages under *Yvanova* , and the decision on whether to allow preforeclosure relief

18  is essentially a policy one, pitting the interest in allowing borrowers injunctive

19  protection against the delays that may occur in nonjudicial foreclosures due to

20  litigation, even where the lenders are ultimately vindicated.

21  Thus, Plaintiffs must be afforded injunctive relief to reclaim their house of

22  nineteen years. This Court must enjoin any further sale of the subject property, and

23  enjoin Defendants to return the subject property back to Plaintiffs.

24  ///

25  ///

26  ///

27  ///

28

3. <u>The Factual Allegations in the Second-Amended Complaint support the First-Amended Complaint.</u>

The prospect of losing the home was the alleged conduct of defendants, not default. "An offer of partial performance is of no effect." (Civ. Code, § 1486) (2) For that reason, "[n]othing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." (*Rauer's Law etc. Co. v. S. Proctor Co*. (1919) 40 Cal.App. 524, 525; See also *Lovetro v. Steers* (1965) 234 Cal.App.2d 461, 479.)

The doctrine of tender has been correctly summarized in this fashion: "The rules which govern tenders are strict and are strictly applied, and where the rules are prescribed by statute or rules of court, the tender must be in such form as to comply therewith. The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." (86 C.J.S., Tender, § 27, pp. 570-571.)

Here, additional defendants in paragraphs 7-19 of the Second-Amended Complaint would have been crucial were they not stricken from the stipulation between parties. As the authorities establish, it is a debtor's responsibility to make an unambiguous tender of the entire amount due. In this case, debtors did.

The alternate loan was unconditionally provided to the creditors, i.e., defendants. Thus, this constitutes sufficient tender. In any event, a party cannot place conditions upon a tender. (*Weiner v. Van Winkle* (1969) 273 Cal.App.2d 774, 782.)

Plaintiffs' offer was neither refused nor accepted. It remained clear that plaintiffs would make payment of past due amounts and make future payments based on the new service loan amount of $375,000 from Standard Home Lending. Pursuant to California's one form of action rule (Code Civ. Proc., § 726; see *Passanisi v. Merit*

1  *McBride Realtors, Inc.* (1987) 190 Cal.App.3d 1496, 1505-1506,) it is arguable

2  whether foreclosure was the only remedy available to defendants. It acted wrongfully

3  in pursuing this course of action. (*Gaffney v. Downey Savings Loan Assn* (1988) 200

4  Cal.App.3d 1154, 1169.)

5      In this case before us, the Plaintiffs were prejudiced, because as the Second-

6  Amended Complaint, the agents and employees of Defendant(s) ignored the tender of

7  payment financing from a new service provider, Standard Home Lending, five days

8  before the default acceleration date of December 19, 2019.

9      Further, Defendant(s) and/or their agents/employees sold the subject property

10  to a third-party corporation. In essence, named Defendant(s) could technically be

11  liable for any and all unlawful and wrongful conduct from the sale of the subject

12  property affecting Plaintiffs Mohandas and Lekha Shaji.

13      To establish an entitlement to such relief for pleading purposes, a plaintiff need

14  only describe the existence of a genuine legal dispute over a matter within the

15  jurisdiction of the Court. 'Proceedings under the Declaratory Judgment Act are

16  governed by the same pleading standards that are applied in other federal civil actions.'

17  [Citation.] The plaintiff must allege a 'justiciable controversy' in order to state a claim

18  for declaratory relief. … (*Maryland Gas. Co. v. Pacific Coal & Oil Co*., 312 U.S. 270,

19  61 S.Ct. 510 (1941)); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461

20  (1937); *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, etc., 137 F.2d 176

21  (5th Cir. 1943) aff'd 321 U.S. 590 (1944).) The complaint must disclose 'a legal right,

22  relation, status, or interest claimed by plaintiff over which a dispute with the defendant

23  has arisen.' … (*Paper Carriers Union No. 450 v. Pulitzer Pub. Co*., 309 F.2d 716 (8th

24  Cir. 1962)); see also *Aralac, Inc. v. Hat Corp. of America*, 166 F.2d 286 (3rd Cir.

25  1948).)

26      The Declaratory Judgment Act is a procedural statute providing an additional

27  remedy in which the federal courts already have jurisdiction, and should be given a

28

liberal interpretation. (*Heimann v. National Elevator Industry Pension Fund* 187 F.3d 493, 510-511 (5th Cir. 1999).)

The Declaratory Judgment statute, 28 U.S.C. § 2201, provides in relevant part: (a) In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The complaint in a declaratory judgment action must therefore allege facts showing existence of an "actual controversy" and that the controversy bears upon a matter within the court's subject matter jurisdiction. At the heart of this case is the existence and extent of the plaintiffs' right to speak and to be heard on issues of significant public importance and controversy: preserving equity of home-owners in their subject property precluding wrongful foreclosure in the state of California.

4. The Factual Allegations in the Second-Amended Complaint do not disturb the motion to dismiss, and any oppositions and replies in response.

Based on the new facts introduced in the Second-Amended Complaint, "[t]o these well settled rules there is a common sense limited exception which is aimed at preventing the trier of the facts from running away with the case. This limited exception is that the trier of the facts may not indulge in the inference when that inference is rebutted by clear, positive and uncontradicted evidence of such a nature that it is not subject to doubt in the minds of reasonable men. The trier of the facts may not believe impossibilities." (*Hicks v. Reis* (1943) 21 Cal.2d 654, 660.)

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the

light most favorable to the plaintiff. (*Westlands Water Dist. v. Firebaugh Canal*, (9th Cir. 1993) 10 F.3d 667, 670.) Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. (*Jackson v. Carey*, (9th Cir. 2003) 353 F.3d 750, 758.))

The motion to dismiss is predicated on the underlying facts alleged in the previous first-amended complaint and bolstered by the Second-Amended Complaint with the tenth and eleventh causes of actions. In effect, Defendant(s) (as they state) were not substantially prejudiced in addressing the additional two claims for relief the Plaintiffs have addresses in the Second-Amended Complaint.

Thus, the tenth and eleventh causes of action must proceed for a jury to review and whet them at trial.

<u>CONCLUSION</u>

Thus, it is in the interests of justice to permit Plaintiffs to allege the facts, claims of relief, damages, and legal theories derived from their personal knowledge, and per information and belief.

Plaintiffs, Mohandas Shaji, and Lekha Shaji, therefore, respectfully request this Honorable Court to over-rule the motion to dismiss - in its entirety - as relevant to the First-, and the Second-Amended Complaint.

Dated: Friday, September 24, 2021

*Reshma Kamath*

_____

Reshma Kamath

Counsel,

For Plaintiffs Mohandas Shaji,

and Lekha Shaji.

1

2

<u>PROOF OF SERVICE</u>
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

3

4     I am a resident of, or employed in, the County of Yuma, Arizona. I am over
the age of 18, and not a party to this action. My business address is: P.O. Box

5     2792, Yuma, Arizona, 85366.

6     On September 24, 2021, I served the following document(s) on: See
Attached Service List via below method of service:

7

8     PROOF OF SERVICE FOR PLAINTIFFS MOHANDAS AND LEKHA
SHAJI'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE OPPOSITION TO

9     MOTION TO DISMISS, AND IN SUPPORT OF THE TENTH AND
ELEVENTH CAUSES OF ACTIONS IN THE SECOND-AMENDED

10    COMPLAINT.

11    ELECTRONIC SERVICE: In electronically transmitting courtesy copies
of the document(s) listed above to the email address(es) of the person(s) set forth

12    on the attached service list. To my knowledge, the transmission was reported as
complete and without error.

13

14    UNITED STATES MAIL SERVICE: In arranging to enclose the
documents in a sealed envelope or package addressed to the persons at the

15    addresses below in depositing the sealed envelope with the United States Postal
Service, with the postage fully prepaid.

16    I declare under penalty of perjury under the laws of the State of
California and the United States of America that the above is true and correct.

17

18    Executed on 24th day of September 2021 in Yuma, Arizona.

                              /S/ Reshma Kamath

19                            Reshma Kamath

20

21    SERVICE LIST

22    Jeremy E. Shulman (# 257582)

23    jshulman@afrct.com
ANGLIN FLEWELLING & RASMUSSEN LLP

24    301 N. Lake Avenue, Suite 1100 Pasadena, California 91101-4158

25    Telephone: (626) 535-1900
Facsimile: (626) 577-7764

26    Attorneys for Defendant

27    WELLS FARGO BANK, N.A.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jean M. Lawler
Lawler ADR Services LLC
106 Standard Street
El Segundo, CA 90245
310-683-4332
Email: jlawler@lawleradr.com
Mediator (ADR Panel)