UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03349 JAK (PDx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Shaji Mohandas et al. v. Wells Fargo Bank, N.A. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND (DKT. 107)**

**I.    Introduction**

On December 8, 2020, Shaji Mohandas ("Mohandas") and Lekha Shaji ("Shaji")[1] (collectively, "Plaintiffs") brought this action in the Los Angeles County Superior Court against Wells Fargo & Co. ("Wells Fargo") and Quality Loan Services Corporation ("Quality Loan Services"). Dkt. 1. On March 30, 2021, Plaintiffs filed a First Amended Complaint ("FAC") which removed Wells Fargo and Quality Loan Services Corporation as defendants, and added Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo Bank"), making it the only defendant. *Id.* Defendant removed the action on April 19, 2021 based on diversity of citizenship. *Id.* at 1.

Plaintiffs' claims, which include breach of contract, wrongful foreclosure and unjust enrichment, arise from Defendant's foreclosure on Plaintiffs' residential property that was secured by a loan originating with World Savings Bank, FSB ("World Savings Bank"). *See id.* On April 26, 2021, Defendant filed a motion to dismiss all claims for failure to state a claim (the "Motion to Dismiss the FAC"). Dkt. 8. An opposition to the Motion to Dismiss the FAC was filed on May 17, 2021. Dkt. 12. A reply was filed on May 28, 2021. Dkt. 14.

Plaintiffs filed a Second Amended Complaint ("SAC") on August 25, 2021, before there was a hearing on the Motion to Dismiss the FAC. Dkt. 30. The SAC named the following defendants in addition to Wells Fargo Bank: Wells Fargo; Wells Fargo Home Mortgage, Inc.; Fays Servicing, LLC; and Brent A. McCullough. *Id.* at 2.

On September 7, 2021, in the interest of judicial and party efficiency, an Order issued that permitted the filing of the SAC; provided, however, that none of the new parties named as Defendants, including Wells Fargo, would be added as parties at that time. Dkt. 45 at 1. The Order directed Plaintiffs to file a Third Amended Complaint ("TAC") within five days reflecting this change, and stated that the Motion to Dismiss the FAC would be deemed one to dismiss the to-be-filed TAC. *Id.* at 1-2. The Order also

---

[1] The caption of the case remains in the form that was presented in the Complaint at the time of removal, notwithstanding the later changes in the amended complaints. For ease of reference in light of the prior orders, the same naming conventions used in those orders, are applied in this one.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03349 JAK (PDx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Shaji Mohandas et al. v. Wells Fargo Bank, N.A. et al. | | |

provided the parties with an opportunity to submit supplemental briefing. *Id.* at 2.

In response, Defendant filed a supplemental brief in support of its Motion to Dismiss the FAC. Dkt. 14. Plaintiffs filed a supplemental brief in opposition to the Motion on September 24, 2021. Dkt. 47. Defendant filed a supplemental reply on October 1, 2021. Dkt. 48. Plaintiffs did not file a TAC before a hearing was held on the Motion to Dismiss the FAC on March 17, 2022. Dkt. 63.

On July 5, 2022 an Order issued that granted the Motion to Dismiss the FAC with leave to amend. Plaintiffs were instructed that "any amended complaint must be based on good faith allegations that sufficiently state claim(s) on grounds that have not already been addressed and found insufficient in this Order." Dkt. 66 at 23.

On July 20, 2022, Plaintiffs filed the TAC. Dkt. 71. On August 3, 2022, Defendant moved to dismiss the TAC (the "Motion to Dismiss the TAC"). Dkt. 72. On September 8, 2022, Defendant filed a Notice of Non-Opposition. Dkt. 79. That same day, Plaintiffs filed an Objection to the Notice of Non-Opposition. Dkt. 80. On September 22, 2022, Plaintiffs filed an opposition to the Motion to Dismiss the TAC. Dkt. 89. On October 6, 2022, Defendant filed a reply in support of the Motion to Dismiss the TAC. Dkt. 92. On October 12, 2022, Plaintiffs filed a sur-reply and associated objections in support of that brief, without seeking advance leave to do so. Dkt. 93, 95. On the same day, Defendant filed an objection to the sur-reply. Dkt. 94.

A hearing on the Motion to Dismiss the TAC was held on November 21, 2022, and matter was taken under submission. Dkt. 99. On July 13, 2023, an Order issued that granted the Motion to Dismiss the TAC with prejudice, i.e., without leave to amend. Dkt. 104. The Order directed that Defendant lodge a proposed judgment by July 27, 2023, and that Plaintiffs file any procedural objection within seven days after Defendant did so. *Id.* Defendant lodged a proposed judgment on July 25, 2023, but Plaintiffs did not file any objection. Dkt. 105. On August 23, 2023, an Order issued that provided Plaintiffs an extension until August 25, 2023 to file any objection to the proposed judgment. Dkt. 104.

On August 24, 2023, Plaintiffs filed a motion to remand this action to the Los Angeles Superior Court (the "Motion"). Dkt. 107. On the same day, Plaintiffs filed a declaration by their counsel, Reshma Kamath ("Kamath Decl."), in support of the Motion. On September 7, 2023, Defendant filed an opposition to the Motion (the "Opposition"). Dkt. 111. On September 13, 2023, Plaintiffs filed a reply in support of the Motion (the "Reply"). Dkt. 112.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. For the reasons stated in this Order, the Motion is **DENIED**.

II.   <u>Analysis</u>

   A.   Legal Standards

A motion to remand is the means used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03349 JAK (PDx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Shaji Mohandas et al. v. Wells Fargo Bank, N.A. et al. | | |

action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441.

Federal jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

When a matter is removed based on a claim of diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018)).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party has the burden of establishing that it is proper to do so, including that there is federal jurisdiction. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    B.    Application

On April 19, 2021, this action was removed on the basis of diversity jurisdiction. Dkt. 1. The parties do not dispute that the complaint that was then operative, which sought the recovery of at least $330,000 in lost equity, presented an amount in controversy of more than $75,000. Dkt. 71 ¶ 19; Dkt. 111 at 2. Similarly, the parties do not dispute that Plaintiffs, who are residents of Los Angeles County, are domiciled in California. Dkt. 107 at 18; Dkt. 111 at 2.[2] Therefore, there is diversity jurisdiction over this action only if Defendant Wells Fargo Bank is of diverse citizenship from Plaintiffs, i.e., if it is domiciled in a state other than California.

Defendant alleged in its notice of removal, and continues to maintain, that Wells Fargo Bank is domiciled in South Dakota. Dkt. 1 at 1; Dkt. 111 at 2. During the proceedings in this action, Plaintiffs have advanced inconsistent positions as to the citizenship of Wells Fargo Bank. In the TAC, and in the present Motion, Plaintiffs allege that Wells Fargo Bank is domiciled in California. Dkt. 71 ¶ 6; Dkt. 107 at 18. However, the TAC also alleges that "there is diversity of jurisdiction between the parties," a position that would require Wells Fargo Bank to be a citizen of a state other than California. Dkt. 71 ¶ 19.

---

[2] The parties also do not dispute that the initial complaint did not present any cause of action that could provide the basis for federal question jurisdiction. Dkt. 71 ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03349 JAK (PDx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Shaji Mohandas et al. v. Wells Fargo Bank, N.A. et al. | | |

It is clear that Wells Fargo Bank is domiciled in South Dakota. *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), held that, for purposes of diversity jurisdiction, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* at 307. Because the defendant in *Wachovia* maintained its main office and had its principal place of business in the same state, *id.* at 317 n.9, district courts in the Ninth Circuit reached different outcomes in applying *Wachovia*, as to whether a national bank with a main office in one state and a principal place of business in another could be a citizen of both states. *See, e.g.*, *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034 (C.D. Cal. 2012) (listing cases). In *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707 (9th Cir. 2014), the Ninth Circuit resolved that issue by holding that a national bank is a citizen "only in the state designated as its main office." *Id.* at 708. Therefore, a national bank's principal place of business has no bearing on its citizenship. *Id.*

Wells Fargo Bank is a national bank whose articles of association designated that its main office is in Sioux Falls, South Dakota. Dkt. 1 at 170-71, Ex. F. Therefore, Wells Fargo Bank is a citizen of South Dakota. *See, e.g.*, *Ng v. Wells Fargo Foothill LLC*, 630 F. App'x 718, 719 (9th Cir. 2015) ("Wells Fargo Bank N.A. is a citizen of South Dakota"). Although Wells Fargo Bank maintains its principal place of business in San Francisco, California, "*Rouse* makes it clear that for purposes of diversity jurisdiction, Wells Fargo [Bank] 'is a citizen only of' South Dakota. … Wells Fargo [Bank's] principal place of business is not relevant to the Court's jurisdictional analysis." *Ramirez v. Wells Fargo Bank*, No. CV-15-08909-BRO, 2016 WL 74386, at *3 (C.D. Cal. Jan. 6, 2016) (quoting *Rouse*, 747 F.3d at 715).

Because Plaintiffs are citizens of California, Defendant is a citizen of South Dakota and the amount-in-controversy requirement is satisfied, diversity jurisdiction over this action is present. In support of the Motion, Plaintiffs argue that a different outcome is warranted because the "correct defendant" is Wells Fargo & Co. (as previously defined, "Wells Fargo"), which is a citizen of California. Plaintiffs contend that if Wells Fargo is joined as a defendant, there would no longer be complete diversity. Dkt. 107 at 21. Plaintiffs also state that, having named Wells Fargo in the initial complaint that they filed in this action, they would have maintained it as a party in this action if not due to the alleged improper communications by Defendant's counsel, who persuaded them to join Wells Fargo Bank as a defendant in place of Wells Fargo. *Id.* at 12-13. Plaintiffs' arguments are unpersuasive for several reasons.

*First*, Plaintiffs elected to remove Wells Fargo as a defendant and pursue their action against Wells Fargo Bank. *See* Dkt 1. As Plaintiffs state in support of the Motion, "[i]t is not up to [Defendant's counsel] to decide whether Plaintiffs should name only the parent company [Wells Fargo], and/or only the affiliate/subsidiary [Wells Fargo Bank]. It is the Plaintiffs' decision." Dkt. 107 at 31. For this reason, Plaintiffs' allegation that Defendant's counsel "cause[d] Plaintiffs and undersigned counsel to substitute one defendant for the other" is not persuasive. Plaintiffs were not required to comply with the statements by Defendant's counsel as to the proper defendant.

*Second*, Plaintiffs' counsel has an affirmative duty to make an independent assessment as to the appropriate defendant. Fed. R. Civ. P. 11(b) provides that an attorney who signs and files a pleading or written motion "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). In support of the Motion, Plaintiffs argue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-03349 JAK (PDx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Shaji Mohandas et al. v. Wells Fargo Bank, N.A. et al. | | |

Defendant's counsel misled them in stating that Wells Fargo Bank was the successor entity to World Savings Bank, implying that Wells Fargo was defunct. Dkt. 107 at 19. Plaintiffs now argue that Wells Fargo is the "proper defendant" because it is not defunct, and is the appropriate successor to World Savings Bank. *Id.* at 30. There is no showing that Plaintiffs' counsel fulfilled the duty to seek to confirm that information -- none of which is recent or novel -- before filing, among other things, a complaint in which it was alleged that "the successor entity [to World Savings Bank] is Wells Fargo Bank." Dkt. 71 ¶ 9. Plaintiffs' counsel may not excuse the obligations that arise from Fed. R. Civ. P. 11 solely by relying on the statements by opposing counsel.

*Third*, notwithstanding Plaintiffs' arguments in support of the Motion, it is well established that Wells Fargo Bank is the appropriate successor to World Savings Bank. *See, e.g.*, *Carbajal v. Wells Fargo Bank, N.A.*, 697 F. App'x 555, 556 (9th Cir. 2017) ("The district court properly relied on judicially noticed documents to find Wells Fargo [Bank] obtained beneficial interest of the loan as a successor of World Savings Bank."); *Cruz v. Wachovia Mortg.*, 775 F. Supp. 2d 1188, 1188 n.1 (C.D. Cal. 2011) ("Wachovia Mortgage is a division of Wells Fargo Bank, N.A. Wells Fargo Bank, N.A., in turn, is a successor by merger of Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB."); *see also Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1105 n.2 (N.D. Cal. 2014); *Brunier v. Wells Fargo Bank, N.A.*, No. CV 16-2053-R, 2016 WL 10988577, at *1 (C.D. Cal. Nov. 22, 2016). Plaintiffs have not proffered any evidence that would warrant a different determination. It is also material that Plaintiffs first raised this argument after the Order issued that granted the motion to dismiss with prejudice on the basis that the TAC failed to state any viable claim. Dkt. 104.

Because Wells Fargo is not a party to this action, and Wells Fargo Bank is the sole defendant, there is complete diversity, and corresponding federal subject matter jurisdiction.

### III.    Conclusion

For the reasons stated in this Order, the Motion is **DENIED**. In compliance with the prior Order (Dkt. 104), on July 25, 2023, Defendant lodged a proposed judgment. That Order directed Plaintiffs to file any objections to the form of the proposed judgment by August 1, 2023. They did not do so. Within 10 days of the issuance of this Order, Plaintiffs shall file any objections to the form of the proposed judgment. If Plaintiffs do not do so, they will be deemed to have waived any objections to the form of, but not the substantive basis for, the proposed judgment.

**IT IS SO ORDERED.**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | tj |  |